THE HONORABLE JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. AHEARN, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD | ) <br> ) <br> ) <br> ) Civil No. _____ <br> ) |
| Petitioner | ) PETITION FOR TEMPORARY |
| | ) RESTRAINING ORDER AND |
| v. | ) PRELIMINARY INJUNCTION |
| | ) UNDER |
| INTERNATIONAL LONGSHORE and WAREHOUSE UNION LOCAL 21 | ) SECTIONS 10(j) AND (l) OF THE <br> ) NATIONAL LABOR RELATIONS <br> ) ACT, AS AMENDED |
| Respondent | ) |
| and | ) |
| INTERNATIONAL LONGSHORE and WAREHOUSE UNION, LOCAL 4 | ) <br> ) |
| | ) NOTED ON MOTION CALENDER |
| Respondent | ) AUGUST 31st, 2011 |

ANNE P. POMERANTZ, Regional Attorney, Region 19
DANIEL SANDERS, Attorney, Region 19
JOHN FAWLEY, Attorney, Region 19
HELENA FIORIANTI, Attorney, Sub-Region 36

NATIONAL LABOR RELATIONS BOARD, Region 19
915 Second Avenue, Room 2948
Seattle, Washington  98174, Telephone:  (206) 220-6301

PETITION FOR INJUNCTION – Page 1
Civil No. _____

2948 Jackson Federal Building
 915 Second Ave
Seattle, Washington 98174
(206) 220-6301

To the Honorable Judges of the United States District Court for the Western District of Washington:

**COMES NOW** Richard L. Ahearn, Regional Director for Region 19 of the National Labor Relations Board (the "Board"), and petitions this Court for and on behalf of the Board, pursuant to Sections 10(j) and (l) of the National Labor Relations Act (the "Act"), as amended, 61 Stat. 149; 73 Stat. 554; 29 U.S.C. §§ 160(j) and (l), for appropriate injunctive relief pending the final disposition of the matters herein involved now pending before the Board on charges alleging that Respondent has engaged in, and is engaging in, acts and conduct in violation of Section 8 of the Act. In support thereof, Petitioner respectfully shows:

1. Petitioner is the Regional Director of the Nineteenth Region of the Board, an agency of the United States, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Sections 10(j) and (l) of the Act, which provide *inter alia*, that the Board shall have power, upon issuance of a compliant charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order.

3. At all material times, International Longshore and Warehouse Union, Local 21 ("Respondent Local 21"), has been a labor organization within the meaning of § 2(5) of the Act with offices in Longview, Washington.

4. At all material times, International Longshore and Warehouse Union, Local 4 ("Respondent Local 4"), has been a labor organization with the meaning of § 2(5) of the Act with offices in Vancouver, Washington.

PETITION FOR INJUNCTION – Page 2
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

5.   (a)  The Charge in Case 36-CC-1047 was filed by EGT, LLC ("EGT"), on July 22, 2011, and was served on Respondent Local 21 by regular mail on about that date.

    (b)  The Amended Charge in Case 36-CC-1047 was filed by EGT on July 27, 2011, and was served on Respondent Local 21 by regular mail on about that date.

    (c)  The Charge in Case 36-CB-2827 was filed by EGT on August 3, 2011, and was served on Respondent Local 21 by regular mail on about that date.

    (d)  The Charge in Case 36-CC-1049 was filed by EGT on August 12, 2011, and was served on Respondent Local 4 by regular mail on about that date.

    (e)  The Amended Charge in Case 36-CC-1049 was filed by EGT on August 16, 2011, and was served on Respondent Local 4 by regular mail on about that date.

    (f)  The Charge in Case 36-CB-2831 was filed by EGT on August 12, 2011, and was served on Respondent Local 4 by regular mail on about that date.

6.   The charges were referred to Petitioner as Regional Director of Region 19 of the Board.

7.   Following a review of the field investigation during which all parties had an opportunity to submit evidence, the Petitioner determined that there is reasonable cause to believe, as alleged in the charges in Cases 36-CC-1047, 36-CC-1049, 36-CB-2827, and 36-CB-2831, that Respondent Local 21 and Respondent Local 4 (jointly, "Respondents") were engaging in unfair labor practices in violations of Sections 8(b)(4)(i) and (ii)(A) and (B) and Section 8(b)(1)(A) of the Act.

8.   On August 29, 2011, Petitioner, upon the aforesaid charges and pursuant to § 10(b) of the Act [ 29 U.S.C. § 160(b)], issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing (the "Complaint") against Respondents alleging that

PETITION FOR INJUNCTION – Page 3
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

Respondents have been engaging in unfairl labor practices within the meaning of Sections 8(b)(4)(i) and (ii)(A) and (B) and Section 8(b)(1)(A) of the Act.

9. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, true copies of the charges and service thereof in Cases 36-CC-1047, 36-CC-1049, 36-CB-2831 and 36-CB-2831, the Complaint, supporting affidavits and documents are attached and marked as Exhibits 1-25 and are incorporated as though fully set forth.

10. Petitioner avers that there is a likelihood that the allegations set forth in the Complaint are true and that Respondents have engaged in, and are engaging in, unfair labor practices in violation of Sections 8(b)(4)(i) and (ii)(A) and (B) and Section 8(b)(1)(A) of the Act. More specifically, and as more particularly described in the Complaint attached as Exhibit 6(a), Petitioner alleges that there is a likelihood Petitioner will establish the following:

(a) EGT is a State of Delaware Corporation with an office and place of business in Longview, Washington ("EGT facility"), where it is engaged in the business of exporting grain.

(b) EGT, during the past twelve months, which period is representative of all material times, in conducting its business operations described above in paragraph 10(a), purchased goods and supplies valued in excess of $50,000 directly from entities located outside the State of Washington.

(c) EGT has been, at all material times, an employer engaged in commerce within the meaning of §§ 2(2), (6) and (7) of the Act.

(d) Respondent Local 21 is and has been, at all material times, a labor organization within the meaning of § 2(5) of the Act.

(e) Respondent Local 4 is and has been, at all material times, a labor organization within the meaning of § 2(5) of the Act.

PETITION FOR INJUNCTION – Page 4
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

(f) At all material times, the following individuals held the positions set forth opposite their respective names and have been agents of Respondent Local 21 within the meaning of Section 2(13) of the Act:

    Dan Coffman  -  President
    Jake Whitehead -  Vice President
    Shelly Porter  -  Vice President and/or Secretary-Treasurer
    Byron Jacobs  -  Secretary-Treasurer

(g) At all material times, the following individuals held the positions set forth opposite their respective names and have been agents of Respondent Local 4 within the meaning of Section 2(13) of the Act:

    Brad Clark  -  President
    Rick Anderson  -  Vice President
    Todd Walker  -  Labor Relations Committee Member
    Cager Clabaugh -  Officer

(h) Since on or about December 18, 1999, Respondent Local 21 has been party to an agreement (the "Working Agreement") with the Port of Longview, Washington (the "Port"), which contains the following provisions:

> The Port of Longview agrees not to lease property for the sole purpose of performing the work described in the Working Agreement between the Port and Local 21, Section XI. Definition of Work Covered, unless the lessee is bound by this agreement.

and

> The Employer shall not subcontract any of the foregoing work to private stevedoring companies unless such companies are bound by this Agreement.

(i) Since on or about June 1, 2009, EGT has been party to a lease agreement with the Port (the "Lease Agreement"), which contains the following language:

> Lessor [the Port] expressly refers Lessee [EGT] to the provisions of the Working Agreement between the

PETITION FOR INJUNCTION – Page 5
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

ILWU Local 21 and the Port, dated 1999-2002, as extended through the date of this Lease, for Longview, Washington.

(j)     Since on or about July 11, 2011, EGT has been party to an agreement with General Construction Company ("General") for General to perform the production and maintenance work at the EGT facility.

(k)     Beginning in or about early 2010 and continuing to date, Respondent Local 21, by Coffman, pursuant to the provisions set forth above in paragraphs 10(h) and (i), has been demanding that EGT enter into an agreement with Respondent Local 21 prohibiting subcontracting to private companies unless the subcontractor is bound to the Working Agreement.

(l)     On or about July 11, 2011, Respondent Local 21, by Coffman, informed EGT that the object of Respondents' conduct described below in paragraphs 10(n)-(p) was to force or require EGT to enter into the agreement with Respondent Local 21 described above in paragraph 10(k).

(m)    On or about July 11, 2011, Respondent Local 21, by Coffman, stated to EGT that Respondents are fighting for jurisdiction over the EGT facility.

(n)     Since on or about June 14, 2011, and continuing to date, Respondents, in support of Respondent Local 21's demand described above in paragraphs 10(k)-(m), have picketed at and around the EGT facility with signs stating:

"EGT Unfair"
"ILWU Jurisdiction"
"ILWU"
"United We Stand, Divided We Fall"
"ILWU Local 21"
"ILWU Local 4"

PETITION FOR INJUNCTION – Page 6
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

(o) By the conduct described above in paragraphs 10(k)-(n), and below in paragraphs 10(u)-(cc), and 10(ee)-(eee), Respondents have induced or encouraged individuals employed by EGT and other persons engaged in commerce, or in an industry affecting commerce, to refuse to handle or work on goods and/or refuse to perform services, and has threatened, coerced, or restrained EGT and other persons engaged in commerce or in industries affecting commerce.

(p) An object of Respondents' conduct described above in paragraphs 10(k)-(o), and described below in paragraphs 10(u)-(cc) and 10(ee)-(eee), has been to force or require EGT to enter into an agreement with Respondent Local 21 prohibited by § 8(e) of the Act.

(q) At all material times since July 11, 2011, Respondents have been engaged in a labor dispute with General.

(r) At no material time since July 11, 2011, have Respondents been engaged in a labor dispute with EGT.

(s) At no material time have either of Respondents been recognized or certified pursuant to § 9 of the Act as the exclusive collective bargaining representative of the employees of General.

(t) On or about July 15, 2011, General recognized Operating Engineers International Union, Local 701 ("Local 701") as the exclusive collective bargaining representative of its employees.

(u) Since on or about July 11, 2011, and continuing to date, Respondents, in support of their dispute with General described above in paragraphs 10(q)-(t), have picketed at and around the EGT facility with signs stating:

"EGT Unfair"
"ILWU Jurisdiction"
"ILWU"

PETITION FOR INJUNCTION – Page 7  
Civil No. _____

2948 Jackson Federal Building  
915 Second Ave  
Seattle, Washington 98174  
(206) 220-6301

"United We Stand, Divided We Fall"
"ILWU Local 21"
"ILWU Local 4"

(v) From on or about July 18, 2011, and continuing to date, Respondents, in support of their dispute with General described above in paragraphs 10(q)-(t), have engaged in picketing at and around the EGT facility with additional signs stating "Local 701 Scabs."

(w) On or about July 20, 2011, EGT established and maintained four entrances, Gates 1, 2, 3 and 4.

(x) Since on or about July 20, 2011, Gate 1, which is located near the southeast corner of EGT's property, just outside of EGT's administration building, has had a sign stating:

> This Gate is for the exclusive use of the employees, visitors, suppliers, vendors, and material deliveries of EGT and all non-construction contractors other than GENERAL CONSTRUCTION. GENERAL CONSTRUCTION should enter through Gate 2. All CONSTRUCTION CONTRACTORS should enter through Gate 4.
> Use of this gate by GENERAL CONSTRUCTION and any CONSTRUCTION CONTRACTOR is strictly prohibited – they must use another designated gate. NO EXCEPTIONS.

(y) Since on or about July 20, 2011, Gate 2, which is located approximately 500 feet north of Gate 1, has had a sign stating:

> This Gate is for the exclusive use of employees, visitors, suppliers, vendors, and material deliveries of GENERAL CONSTRUCTION.
> Use of this gate by employees, visitors, suppliers, vendors, and material deliveries of EGT or other entities is strictly prohibited – they must use another designated gate. NO EXCEPTIONS.

(z) Since on or about July 20, 2011, Gate 3, which is located approximately 3,000 feet west of Gate 1, has had a sign stating:

PETITION FOR INJUNCTION – Page 8
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

> This Gate is for the exclusive use of employees, visitors, suppliers, vendors, and material deliveries of RAILROAD EMPLOYEES.
> Use of this gate by employees, visitors, suppliers, vendors, and material deliveries of EGT, GENERAL CONSTRUCTION or other entities is strictly prohibited – they must use another designated gate. NO EXCEPTIONS.

(aa) Since on or about July 20, 2011, Gate 4, which is located approximately 700 feet south of Gate 1, has had a sign stating:

> This Gate is for the exclusive use of employees, visitors, suppliers, vendors, and material deliveries of all CONSTRUCTION CONTRACTORS.
> Use of this gate by employees, visitors, suppliers, vendors, and material deliveries of EGT, GENERAL CONSTRUCTION, NON-CONSTRUCTION CONTRACTORS, or other entities is strictly prohibited – they must use another designated gate. NO EXCEPTIONS.

(bb) Since on or about July 20, 2011, Respondents, by their officers and members, in support of the dispute with General described above in paragraph 10(q)-(t), picketed at Gates 1, 2, and 4.

(cc) By the conduct described above in paragraphs 10(u)-(bb) and below in paragraphs 10(ii)-(eee), Respondents, by their officers and agents, have induced or encouraged individuals employed by EGT and other persons engaged in commerce, or in an industry affecting commerce, to refuse to perform services and have threatened, coerced, and/or restrained EGT and other persons engaged in commerce or in industries affecting commerce.

(dd) An object of Respondents' conduct described above in paragraphs 10(q)-(cc), and described below in paragraphs 10(ii)-(eee), has been to force or require EGT and other persons to cease performing services for, handling goods of, or otherwise doing business with General.

PETITION FOR INJUNCTION – Page 9
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

(ee)  On or about June 14, 2011, Respondents, by their officers and agents trespassed onto EGT's property and climbed on EGT's shipping towers and/or grain silos.

(ff)  Since on or about July 1, 2011, Respondents, by their officers and agents established and maintained picket lines outside the gates to the EGT facility.

(gg)  On or about July 1, 2011, the Port erected a sign at the corner of the road leading to the EGT facility designating the road as private property for the use of the lumber yard and EGT only.

(hh)  On or about July 2, 2011, Respondents, by their officers and agents, knocked down the sign described above in paragraph 10(gg) and removed it.

(ii)  On or about July 11, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), tore down a gate maintained by EGT, trespassed onto EGT's leased property, pushed two rail cars out of EGT's rail shed and climbed them, and physically assaulted EGT employees.

(jj)  On or about July 11, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), verbally assaulted EGT and General employees.

(kk)  On or about July 11, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), took pictures and video of EGT and General employees because those employees crossed the picket lines established by Respondents.

(ll)  Since on or about July 12, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), impeded the entrance to and exit from the EGT facility in the presence of employees.

PETITION FOR INJUNCTION – Page 10  
Civil No. _____

2948 Jackson Federal Building  
915 Second Ave  
Seattle, Washington 98174  
(206) 220-6301

(mm) Since on or about July 12, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), impliedly threatened employees of EGT and General who crossed the picket lines with violence by telling those employees that the picketers knew who they were and where they lived, and then shouting out their addresses.

(nn) Since on or about July 12, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), followed General employees from the EGT facility onto various roads leading away from the EGT facility and onto the freeway.

(oo) On or about July 13, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), completely blocked railway car access on the railroad tracks physically and with vehicles at the EGT facility, thereby prohibiting entry by a train operated by Burlington Northern Santa Fe Railway.

(pp) On or about July 15, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), physically blocked ingress to and egress from the EGT facility.

(qq) On or about July 21, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), struck a vehicle driven by an EGT manager.

(rr) On or about July 22, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), impliedly threatened an EGT manager with violence if he crossed the tape that was stretched across Gate 1 at the EGT facility.

PETITION FOR INJUNCTION – Page 11
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

1    (ss)    On or about July 22, 2011, Respondents, by their officers and agents, in
the conduct of the picket line activity described above in paragraph 10(ff), impliedly threatened
the life of a construction employee at the EGT facility.

   (tt)    On or about July 22, 2011, Respondents, by their officers and agents, in
the conduct of the picket line activity described above in paragraph 10(ff), threw an egg at, and
keyed, a vehicle driven by an EGT manager.

   (uu)    On or about July 22, 2011, Respondents, by their officers and agents, in
the conduct of the picket line activity described above in paragraph 10(ff), blocked all ingress and
egress to Gates 1, 2, and 4 at the EGT facility.

   (vv)    On or about July 23, 2011, Respondents, by their officers and agents, in
the conduct of the picket line activity described above in paragraph 10(ff), threatened a
construction employee and blocked that employee's ingress and egress to the EGT facility.

   (ww)    On or about July 25, 2011, Respondents, by their officers and agents, in
the conduct of the picket line activity described above in paragraph 10(ff), blocked and/or
impeded ingress and egress to Gates 1, 2 and 4 at the EGT facility.

   (xx)    On or about July 25, 2011, Respondents, by their officers and agents, in
the conduct of the picket line activity described above in paragraph 10(ff), threatened to throw
coffee on an EGT manager, surrounded his vehicle to prevent it from moving, shouted out his
home address, and asked him how he slept at night.

   (yy)    On or about July 25, 2011, Respondents, by their officers and agents, in
the conduct of the picket line activity described above in paragraph 10(ff), pushed and spit on the
vehicles of General employees entering the EGT facility through Gate 2.

   (zz)    On or about July 25, 2011, Respondents, by their officers and agents, in
the conduct of the picket line activity described above in paragraph 10(ff), threatened General

PETITION FOR INJUNCTION – Page 12
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

employees with death, told them that the picketers knew where they lived, and threatened to follow them home, as the General employees entered the EGT facility through Gate 2.

(aaa) On or about July 25, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), caused to be placed at the EGT facility outside of its administration building, plastic bags filled with feces.

(bbb) On or about July 25, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), physically and verbally assaulted Local 701's shop steward as he tried to leave the EGT facility, and followed his vehicle with two pick up trucks from the EGT facility onto the freeway, endangering him.

(ccc) On or about July 25, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), followed General employees from the EGT facility onto various roads leading away from the EGT facility and onto the freeway.

(ddd) On or about July 31, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), caused a black trash bag filled with manure, with paper signs attached stating "scabby 701," to be dropped from an aircraft over the EGT facility outside of its administration building.

(eee) Since on or about August 1, 2011, Respondents, by their officers and agents, in the conduct of the picket line activity described above in paragraph 10(ff), purposely dropped nails in the road leading to Gates 1, 2, and 4.

(fff) By the conduct described above in paragraphs 10(k)-(p), 10(u)-(cc), and 10(ee)-(eee) Respondents have been violating §§ 8(b)(4)(i) and (ii)(A) of the Act.

(ggg) By the conduct described above in paragraphs 10(u)-(dd), and 10(ii)-(eee), Respondents have been violating §§ 8(b)(4)(i) and (ii)(B) of the Act

PETITION FOR INJUNCTION – Page 13  
Civil No. _____

2948 Jackson Federal Building  
915 Second Ave  
Seattle, Washington 98174  
(206) 220-6301

(hhh)  By the conduct described above in paragraphs 10(n), 10(ee)-(eee), and 10(hh)-(eee), Respondents have been restraining and coercing employees in the exercise of the rights guaranteed in § 7 of the Act in violation of § 8(b)(1)(A) of the Act.

(iii)  By the acts described above in paragraphs 10(k)-(hhh) , Respondents have engaged in unfair labor practices affecting commerce within the meaning of §§ 2(6) and (7) of the Act.

11.  (a)  Absent injunctive relief, the Respondents' actions threaten to inflict irreparable harm on the employees' Section 7 right to refrain from Union activity.  Picket line violence will inevitably cause EGT and General employees to abstain from working due to concerns for personal safety in addition to safety of their property.  As such, the coerced employees will personally suffer irreparable harm in the form of lost wages that cannot be made whole in a Board proceeding.

(b)  In addition, this abstention could seriously harm EGT's and General's business operation and impede the free flow of commerce.  To wit, Burlington Northern Santa Fe Railway ("BNSF") has refused to deliver cargo to EGT's facility, and EGT faces penalty when BNSF cannot unload its train.  Respondents have failed to give assurances that it will not block the tracks.

(c)  The threat of further unlawful conduct and property damage is tangible, as the labor dispute is ongoing, there are allegations of continuing harassment, and the local police have stated that they do not have the staff to control the picketers.  Respondents' apparent agreement to limit the number of picketers at the gates does nothing to alleviate this threat.  Finally, the illegal campaign may force EGT and General to capitulate to Respondents' demands.  The Board's final order will not effectively remedy these harms.

PETITION FOR INJUNCTION – Page 14
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

12. Unless injunctive relief is immediately obtained, it can fairly be anticipated that Respondents will continue to repeat the acts and conduct set forth above in paragraph 10 or similar or like acts and conduct violative of §§ 8(b)(4)(i)(ii)(A), (B) and § 8(b)(1)(A) of the Act. It is, therefore, essential, appropriate, just and proper, for purposes of effectuating the policies of the Act and in accordance with the provisions of §§ 10(j) and (l) [29 U.S.C. §§ 160(j) and (l)] thereof, that pending final disposition of the matter herein involved now pending before the Board, Respondents be enjoined and restrained from the commission of the acts and conduct alleged above, and similar acts and conduct, or repetitions thereof.

13. Upon information and belief, as more fully appears from the affidavits and documents attached hereto and made a part hereof, there is imminent danger that before a hearing can be held on this petition, immediate, substantial and irrepable injury will unavoidably result to the policies of the Act, to the Charging Party EGT, to employees and other persons not directly involved in the dispute herein, and to the flow of interstate commerce from a continuation of Respondents' unlawful conduct.

14. There is no adequate remedy at law for the irreparable harm being caused by Respondents' unfair labor practices, as described above.

15. Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondents, as they remain free to engage in lawful activities.

16. In balancing the equities in this matter, the harm to the employees involved herein, to the public interest in interstate commerce, and to the purposes and policies of the Act if injunctive relief, as requested, is not granted, clearly outweighs any harm that the grant of such injunctive relief will work on Respondent.

17. Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act

PETITION FOR INJUNCTION – Page 15
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

and avoiding substantial, irreparable and immediate injury to such policies, to the public interest, and the employees involved herein, and in accordance with the purposes of Sections 10(j) and (l) of the Act, that, pending final disposition of the matters presently pending before the Board, Respondent be enjoined and restrained as herein prayed.

**WHEREFORE**, Petitioner prays:

1. That the Court issue a Temporary Restraining Order forthwith enjoining and restraining Respondents, their officers, agents, representatives, servants, employees, attorneys, and all members and persons acting in concert or participation with them, for a period of ten (10) days' duration from the date of that Order, as provided for in Rule 65(b) of the Federal Rules of Civil Procedure and pursuant to the provisions of the Act, from

   a. Engaging in any picketing or protesting in the vicinity of the Port of Longview, Washington, in furtherance of Respondents' dispute regarding work performed at or related to the EGT facility;

   b. In any other manner, or by any other means furthering their unlawful object by restraining or coercing the employees of EGT or any other person doing business in relation to the EGT facility in the exercise of their rights guaranteed under Section 7 of the Act.

2. That, to assure compliance with the Court's Temporary Restraining Order and because of the local authorities' inability to manage with the situation, the Court direct service of said Order upon the United States Marshal for the Western District of Washington, and further direct the United States Marshals Service to take those actions deemed necessary to enforce the provisions and prohibitions set forth in its Order.

PETITION FOR INJUNCTION – Page 16
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301

| | |
|---|---|
| 1 | 3. That the Court issue an Order directing Respondents to appear before |
| 2 | this Court at a time and place to be fixed by the Court, and show cause, if any there be, why the |
| 3 | following preliminary injunctive order should not issue, pending the final disposition of the matters |
| 4 | involved pending before the Board as follows: |
| 5 | (a) Enjoining and restraining Respondents from: |
| 6 | (i) In any manner or by any means, including the use of |
| 7 | picketing or protesting, threatening, coercing, or restraining EGT or any person engaged in |
| 8 | commerce, where an object is to force or to require EGT to enter an agreement in violation of |
| 9 | § 8(e) of the Act and/or to assign work to employees who are members of Respondent Local 21; |
| 10 | (ii) In any manner or by any means, including the use of |
| 11 | picketing or protesting, threatening, coercing, or restraining EGT, or any other person engaged in |
| 12 | commerce, or in an industry affecting commerce, to cease handling, using, selling, transporting, |
| 13 | or otherwise dealing in the products of, or to cease doing business with General Construction, or |
| 14 | any other person engaged in commerce, or in an industry affecting commerce, or with each other; |
| 15 | and |
| 16 | (iii) Restraining or coercing employees of EGT, General |
| 17 | Construction, or any other person doing business with those entities, in the exercise of the rights |
| 18 | guaranteed them by Section 7 of the Act, by engaging in picket line misconduct, including but not |
| 19 | limited to destruction of property, trespass, threats of bodily harm, throwing objects, following |
| 20 | employees and going to their homes, blocking ingress and egress, mass picketing, physical |
| 21 | intimidation and assault, and coercively photographing and videotaping, or in any other manner |
| 22 | restraining or coercing employees in the exercise of their Section 7 rights. |
| 23 | (b) Directed to take the following affirmative action: |

PETITION FOR INJUNCTION – Page 17  
Civil No. _____

2948 Jackson Federal Building  
915 Second Ave  
Seattle, Washington 98174  
(206) 220-6301

        (i) Provide each of their officers, representative, employees, agents and members and picketers/protesters, and any other persons, including their sister Locals, participating at any picketing or at any demonstrations at or near the roads or gates leading into the EGT facility at the Port of Longview, with a copy of this Court's order and a clear written directive to refrain from engaging in any conduct inconsistent with this Order;

        (ii) Email to employees and post copies of the District Court's Order in this matter at all locations where Respondents' notices to employees are customarily posted at their Longview and Vancouver, Washington facilities; maintain such notices free from all obstructions or defacements pending the Board's administrative proceeding; and grant to agents of the Board reasonable access to the Respondents' facilities to monitor compliance with this posting requirement; and

        (iii) Within twenty (20) days of the issuance of this Order, file with the District Court and serve a copy upon the Petitioner, a sworn affidavit from responsible Respondent Local 21 and Respondent Local 4 officials which describes with specificity how the Respondents have complied with the terms of this decree, including the exact locations where the Respondents posted the materials required under this Order and how and to whom Respondents have distributed the Court's Order and directive.

    4. That the Court further Order that, to assure compliance with the Court's Order and because of the local authorities' inability to deal with the situation, the United States Marshal for the Western District of Washington of the United States Marshals Service be served with a copy of this Order and directed to take those actions deemed necessary to enforce the provisions and prohibitions set forth in this Order.

PETITION FOR INJUNCTION – Page 18　　　　　　2948 Jackson Federal Building
Civil No. _____　　　　　　　　　　　　　　915 Second Ave
　　　　　　　　　　　　　　　　　　　　　　　Seattle, Washington 98174
　　　　　　　　　　　　　　　　　　　　　　　(206) 220-6301

5. That the Court grant such other and further relief as may be just and proper.

**DATED** at Seattle, Washington this 31st day of August, 2011.

/s/ Anne Pomerantz, Attorney
/s/ Daniel Sanders
/s/ John Fawley
/s/ Helena Fiorianti
Anne Pomerantz, Attorney, CA Bar 204059; NY Bar 2398428
Daniel Sanders, Attorney, WA Bar 3679
John Fawley, Attorney, MA Bar 160410
Helena Fiorianti, Attorney, NJ Bar 2006-00127; NY Bar 4442786
National Labor Relations Board
915 2nd Ave, Suite 2948
Seattle, WA 98174
Telephone (206) 220-6301
Fax: (206) 220-6305
Email: Anne.Pomerantz@nlrb.gov
Daniel.Sanders@nlrb.gov
John.Fawley@nlrb.gov
Helena.Fiorianti@nlrb.gov
Counsel for Petitioner

PETITION FOR INJUNCTION – Page 19
Civil No. _____

2948 Jackson Federal Building
915 Second Ave
Seattle, Washington 98174
(206) 220-6301