THE HONORABLE JUDGE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. AHEARN, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, <br><br> Petitioner <br><br> v. <br><br><br> INTERNATIONAL LONGSHORE and WAREHOUSE UNION, LOCAL 21, <br>    Respondent <br><br> and <br><br> INTERNATIONAL LONGSHORE and WAREHOUSE UNION, LOCAL 4, <br>    Respondent | Civil No. 11-5684RBL <br><br> TEMPORARY RESTRAINING ORDER |

## TEMPORARY RESTRAINING ORDER

The Petition of Richard L. Ahearn ("Petitioner"), Regional Director for Region 19 of the National Labor Relations Board (the "Board") for and on behalf of the Board, having been filed and properly served on International Longshore and Warehouse Union Locals 21 and Local 4 (jointly, "Respondents"), pursuant to Sections 10(j) and 10(l) of

Page 1

the National Labor Relations Act (the "Act") as amended, 29 U.S.C. 160(j) and 160(l), following the issuance of the unfair labor practice complaint in Cases 36-CB-2827, 36-CB-2831, 36-CC-1047, 36-CC-1049 praying for a preliminary injunctive relief against Respondents, pending final disposition of the matters involved herein pending before the Board, and Petitioner having filed a Motion for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b), the Petition and Motion being verified and supported by affidavits and exhibits; and

**IT APPEARING** to the Court from the verified Petition, Motion, other pleadings, affidavits, exhibits, argument of counsel, the hearing held before the Court on September 1, 2011, and the entire record in this matter, that:

1. There is reasonable cause to believe that Respondents are statutory labor organizations within the meaning of Section 2(5) of the Act;

2. There is reasonable cause to believe that the Respondents, through their agents, have engaged with an unlawful object, *inter alia*, in picket line violence, threats and property damage, mass picketing and blocking of ingress and egress at the facility of EGT, LLC, located in Longview, Washington;

3. There is reasonable cause to believe that the above-described conduct of the Respondents violates Sections 8(b)(4)(i) and (ii)(A) and (B) and Section 8(b)(1)(A) of the Act and that said unfair labor practices affect commerce or an industry affecting commerce within the meaning of Sections 2(6) and (7) of the Act;

4. There is substantial evidence that local police authorities and state courts are unable to control and abate the misconduct of the Respondents;

5. There is imminent danger that, absent immediate temporary injunctive relief, substantial and irreparable injury to the statutory rights of employees under the Act will be inflicted by the Respondents until the Petition for Preliminary Injunctive Relief can be heard, and that the final administrative order of the Board will be frustrated or nullified if interim relief is not granted; and

6. It is appropriate and just and proper, within the meaning of Sections 10(j) and 10(l) and Fed. R. Civ. P. 65(b) that, pending completion of the hearing before the Court on the merits of the Petition, and for a period of ten (10) days from the entry of this Order, that the Respondents be temporarily enjoined and restrained from the commission of further acts and misconduct in violation of the Act as described in the Petition.

**WHEREFORE, IT IS HEREBY ORDERED** that Respondents International Longshore and Warehouse Unions Local 21 and 4, their officers, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them, for a period of ten (10) days' duration from the date of this Order, as provided for in Rule 65(b) of the Federal Rules of Civil Procedure and pursuant to the provisions of the Act, are

**ENJOINED AND RESTRAINED** from:

1. Engaging with an unlawful object, *inter alia*, in picket line violence, threats and property damage, mass picketing and blocking of ingress and egress at the facility of EGT, LLC, located in Longview, Washington, in furtherance of Respondent Locals 21 and 4's dispute regarding work performed at or related to the EGT facility;

2. In any other manner, or by any other means furthering their unlawful object by restraining or coercing the employees of EGT, General, or any other person doing business in relation to the EGT facility in the exercise of their rights guaranteed under Section 7 of the Act.

A copy of this Order shall be served upon the United States Marshal for the Western District of Washington.

**IT IS FURTHER ORDERED** that service of a copy of this Order be made forthwith by a United States Marshal upon the Respondents, International Longshore and Warehouse Union Locals 21 and 4, in any manner provided in the Federal Rules of Civil Procedure for the United States District Courts and that proof of such service be filed with the Court.

**IT IS FURTHER ORDERED** that a hearing on Petitioner's application for a Preliminary Injunction shall be held in this court Thursday September 8, 2011 at __1:30 p.m.__.

**IT IS SO ORDERED.**

**DATED** at Tacoma, Washington this ___1st___ day of September, 2011.

_/s/ Ronald B. Leighton_
Hon. Ronald B. Leighton
UNITED STATES DISTRICT JUDGE

Page 4