THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. AHEARN, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD | ) ) ) ) ) Civil No. 3:11-CV-05684 -RBL |
| Petitioner | ) ) ) |
| v. | ) (PROPOSED) FINDINGS OF ) FACT AND CONCLUSIONS ) OF LAW FOR CONTEMPT OF ) THE SEPTEMBER 1, 2011 |
| INTERNATIONAL LONGSHORE and WAREHOUSE UNION, LOCAL 21 | ) TEMPORARY RESTRAINING ) ORDER |
| Respondent | ) |
| and | ) ) |
| INTERNATIONAL LONGSHORE and WAREHOUSE UNION, LOCAL 4 | ) ) |
| Respondent | ) ) ) |

ANNE P. POMERANTZ, Regional Attorney, Region 19
DANIEL SANDERS, Attorney, Region 19
JOHN FAWLEY, Attorney, Region 19
HELENA FIORIANTI, Attorney, Sub-Region 36

NATIONAL LABOR RELATIONS BOARD, Region 19
915 Second Avenue, Room 2948
Seattle, Washington  98174, Telephone:  (206) 220-6301

FINDINGS OF FACT AND CONCLUSIONS- Page 1
OF LAW FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

1    (PROPOSED) FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR CONTEMPT

2    Based on the verified Petition of Richard L. Ahearn ("Petitioner"), Regional Director of

3    Region 19 of the National Labor Relations Board (the "Board"), for a temporary restraining order

4    and preliminary injunction pursuant to Sections 10(j) and (l) of the National Labor Relations Act

5    (the "Act"), as amended, 29 U.S.C. §§ 160(j) and (l), this Court, by the undersigned, issued a

6    Temporary Restraining Order ("Restraining Order") on September 1, 2011.  This cause came to

7    be heard on September 15, 2011, due to allegations of civil contempt of that Restraining Order.

8    The Court, upon consideration of the pleadings, evidence, briefs, arguments of counsel

9    and the entire record in this case, makes the following:

10                              **FINDINGS OF FACT**

11    1.    On August 31, 2011, Petitioner initiated proceedings in the Western District of

12    Washington seeking both temporary and preliminary injunctive relief against Respondents

13    International Longshore and Warehouse Union Locals 21 and 4 ("Respondents") pursuant to

14    §§ 160(j) and (l) of the Act due to Respondent's having engaged in a litany of unlawful strike line

15    misconduct with improper object, including mass protesting, trespassing, violence, threats of

16    violence, and property damage to EGT, including blocking of railroad tracks so that trains could

17    not make deliveries to EGT's facility at the Port of Longview, Washington.  [Document Nos. 1-

18    16].

19    2.    On September 1, 2011, this Court, by the undersigned, Judge Ronald B.

20    Leighton, issued a Temporary Restraining Order (the "Restraining Order"), granting, in

21    substantive part, that portion of the Petition under §§ 10(j) and (l) of the Act.  [Docket No. 28].

22    3.    As set forth in the Restraining Order, Respondents, their officers, agents,

23    servants, employees, attorneys, and all members and persons acting in concert or participation

24    with them, from the date of the Restraining Order until the issuance of a Preliminary Injunction on

25    September 8, 2011, were enjoined and restrained  from "[e]ngaging with an unlawful object, *inter*

FINDINGS OF FACT AND CONCLUSIONS- Page 2
OF LAW FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

1    *alia*, in picket line violence, threats and property damage, mass picketing and blocking of ingress

2    and egress at the facility of EGT, LLC, located in Longview, Washington, in furtherance of

3    Respondents dispute regarding work performed at or related to the EGT facility; and from

4    "furthering their unlawful object by restraining or coercing the employees of EGT, General

5    Construction, or any other person doing business in relations to the EGT facility in the exercise of

6    their rights guaranteed under Section 7 of the Act" by any other means.  [Document No. 58].

7          4.      Despite the issuance of the Restraining Order, and the clear mandate of this

8    Court that the trains serving the EGT facility were not to be held hostage, Respondents engaged

9    in further strike line misconduct.

10         5.      At approximately 6:45 am on or about September 7, 2011, officers and agents of

11    Respondents, acting in concert with the International Longshore and Warehouse Union and its

12    president Robert McEllrath, engaged in a mass protest, culminating in several hundred persons'

13    participation, in Vancouver, Washington.  Respondents and those acting in concert with them,

14    while wearing insignia and carrying signs identifying Respondents, blocked the tracks and

15    prevented the passage of a Burlington Northern Santa Fe ("BNSF") train  scheduled to deliver

16    corn to the EGT facility at the Port of Longview.  Said blockage forced not only prevented

17    passage of the EGT-bound BNSF train, but also forced the delay of others by other carriers as

18    well.  After several hours, although Respondents and those acting in concert with them permitted

19    the other trains to proceed, they did not permit the EGT-bound train to proceed.  It was not until

20    approximately 6 hours later that Respondents and those acting in concert with them dispersed,

21    clearing the tracks and allowing the EGT-bound train to get underway at approximately 1:45 pm.

22         6.      Approximately 1¼ hours later, at 3 pm on September 7, 2011, officers and

23    agents of Respondents (including Shelly Porter, Byron Jacobs, and Rick Anderson), acting in

24    concert with the International Longshore and Warehouse Union and its president Robert

25    McEllrath, while wearing insignia and carrying signs identifying Respondents, trespassed and

FINDINGS OF FACT AND CONCLUSIONS- Page 3
OF LAW FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

1    engaged in a second mass protest in Longview, Washington, again blocking the tracks and

2    preventing the passage of the previously detained BNSF train attempting to deliver corn to the

3    EGT facility.  When local law enforcement officials attempted to enforce the Restraining Order

4    and disperse Respondents and those acting in concert with them, they were met with abusive

5    and disorderly conduct, including from International President McEllrath.  In addition, threats

6    were made to security personnel, including "just you [expletive] wait!"

7         7.    Approximately 15-20 of Respondents and those acting in concert with them

8    were arrested and taken into custody after the others finally disbursed at approximately 6 pm by

9    law enforcement personnel and the train tracks cleared.  International President McEllrath,

10   however, threatened "we will be back," at that time.  Approximately one hour later, at 7 pm on

11   September 7, 2011, when the train began to move, heading into the EGT facility, Respondents

12   and those acting in concert with them were heard to threaten, "we're making plans."

13        8.    On September 8, 2011, at approximately 4:00 am, over 100 cars entered the

14   area around the EGT facility in a continuous, organized flow.  Once in the area, Respondents,

15   acting in concert with the International Longshore and Warehouse Union and its president Robert

16   McEllrath, engaged in a mass protest at the EGT facility while armed with gardening shears,

17   baseball bats, broken broom sticks, and metal pipes.  They also engaged the following conduct:

18        (a)    Threatening with bodily harm and throwing rocks at security guards

19   employed by Columbia Security, a contractor for EGT;

20        (b)    Threatening local enforcement personnel with bodily harm if they

21   interfered with the mass protest;

22        (c)    Breaking and attempting to break windows on buildings at the EGT

23   facility;

24        (d)    Stealing and driving a vehicle belonging to Columbia Security and

25   driving the vehicle into a drainage ditch, damaging the front portion of the vehicle;

FINDINGS OF FACT AND CONCLUSIONS- Page 4
OF LAW FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

1             (e)      Opening the loading and unloading doors of the BNSF corn train parked

2 at the EGT facility and dumping the corn load on the ground;

3             (f)      Cutting, severing or disconnecting the air hoses connecting the cars of

4 the BNSF train parked at the EGT facility;

5             (g)      Disconnecting, damaging and breaking the metal couplings connecting

6 the cars of the BNSF train parked at the EGT facility;

7             (h)      Breaking and otherwise damaging overhead lights related to the

8 conveyor system at the EGT facility; and

9             (i)      Damaging and knocking down portions of the fence line surrounding the

10 EGT facility.

11      9.      Security personnel and local law enforcement officials have been threatened

12 and outnumbered, unable to contain Respondents and those acting in concert with them during

13 these activities.

14      10.     The § 10(j) portion of the Preliminary Injunction requested by Petitioner in this

15 matter was granted by this Court at approximately 2:45 pm on September 8, 2011. [Docket No.

16 58].

17      11.     Due to the conduct described above in paragraphs 5 through 9, on September

18 8, 2011 Petitioner asked this Court to find Respondents in contempt of the Restraining Order

19      12.     A hearing was held before this Court on September 15, 2011 to hear testimony,

20 arguments by the parties and to adjudge whether Respondents were in contempt of the

21 Restraining Order.

22      13.     During that hearing, Respondents' counsel represented and was prepared to

23 stipulate that Respondents were responsible for the actions taken in blocking the train in both

24 Vancouver and Longview on September 7, 2011. [Tr. 14]. There has been no such affirmation

25 as to the conduct on September 8, 2011. There has been no evidence adduced that any official

FINDINGS OF FACT AND CONCLUSIONS- Page 5
OF LAW FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

1    of Respondents or those acting in concert with them, including the International, have disavowed
2    any of the conduct engaged in on either day or that reasonable steps had been taken to secure
3    compliance with the Restraining Order. Rather, Local 21 has posted on its "Facebook" page
4    pictures of the September 7 mass picketing and blocking of the BSNF train. Further, Counsel for
5    Respondents could make no representation to this Court that such conduct violative of the
6    Restraining Order or, now, the Preliminary Injunction, would cease. [Tr. p.116, 117].

7                                    **CONCLUSIONS OF LAW**

8           1.      This Court has jurisdiction of the parties and of the subject matter of these
9    proceedings, and under 29 U.S.C. §§ 160(j) and (l), is empowered to grant injunctive relief.
10          2.      This Court, upon a showing of clear and convincing evidence, has the authority
11   to find parties in civil contempt of its injunctions issued on matters brought pursuant to §§ 160(j)
12   and (l) of the Act. *Hoffman v. ILWU, Local 10*, 492 F. 2d 929 (9th Cir. 1974), *cert. granted sub*
13   *nom. on other grounds and affirmed, Muniz v. Hoffman*, 422 U.S. 454 (1975), *citing Madden v.*
14   *Grain Elevator, Flour & Feed Mill Workers*, 334 F.2d 1014, 1020 (7th Cir. 1974), *cert. denied,* 379
15   U.S. 967 (1965).
16          3.      This Court may find Respondents responsible for picket line misconduct if
17   Respondents approved the misconduct, participated actively, or knowingly tolerated it. *United*
18   *Mine Workers v. Gibbs*, 383 U.S. 715, 739 (1966). *See, e.g., Soft Drink Workers Union Local*
19   *812*, 304 NLRB 111 (1991) (when union actually or implicitly authorized the conduct before or
20   after it happened, it is responsible for misconduct); *Teamsters Local 860*, 229 NLRB 993, 994
21   (1977) (same). Their "responsibility for acts by [their] officers and members is controlled by
22   common-law agency principles; therefore implied or apparent authority is sufficient to establish
23   agency." *NLRB v. Advanced Sys., Inc.*, 681 F.2d 570, 576 (9th Cir. 1982). Further, where there
24   is a pattern of misconduct, the union is liable absent affirmative steps to end the misconduct.
25   *Dover Corp.*, 211 NLRB 955, 956-59 (1974), *enforced*, 535 F.2d 1205 (10th Cir. 1976).

FINDINGS OF FACT AND CONCLUSIONS- Page 6
OF LAW FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

1        4.    There is, and the Court has, reasonable cause to believe by the presentation of

2    clear, cogent and convincing evidence at the hearing on September 15, 2011, that Respondents,

3    acting in concert with the International Longshore and Warehouse Union by the conduct of its

4    president, are responsible for and have themselves violated the terms of the Restraining Order

5    by engaging in mass picketing, physical threats, property damage and blocking of ingress of the

6    BNSF train at Vancouver and Longview scheduled to deliver corn to the EGT facility at the Port

7    of Longview.

8        5.    On September 15, 2011, this Court issued an Order adjudicating Respondents

9    and the International Longshore and Warehouse Union to be in civil contempt of the Restraining

10    Order.  [Document No. 73].

11        6.    Having found Respondents and the International to be in contempt of the

12    Restraining Order, this Court shall, after a hearing on September 30, award compensatory

13    damages for the harm caused on September 7 and 8, 2011, and impose a prospective fine

14    schedule to compel future compliance with the preliminary injunction as is permitted by

15    precedent. *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994) (fines

16    to compel future compliance appropriate); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)

17    (compensatory damages include attorneys' fees); *Fleischmann Distilling Corp. v. Maier Brewing*

18    *Co.*, 386 U.S. 714, 718 (1967) (compensatory damages include attorneys' fees); *United Mine*

19    *Workers*, 330 U.S. at 304 (compensatory damages); *Cunningham v. Weston*, 180 Fed. Appx.

20    644, 648 (9th Cir. 2006) (compensatory damages); *NLRB v. Ironworkers Local 433*, 169 F.3d

21    1217, 1218, 1221 (9th Cir. 1999) (enforcement of prospective non-compliance fine for alleged

22    violations does not trigger need for criminal procedural safeguards if fines are prompted by a

23

FINDINGS OF FACT AND CONCLUSIONS- Page 7
OF LAW FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

1   party's previous failure to adhere to a court order); *Richmark Corp. v. Timber Falling Consultants*,

2   959 F.2d 1468, 1482 (9th Cir. 1992) (coercive fines payable to the Court).

3   **DATED** this **30th** day of September 2011.

4

5

6   UNITED STATES DISTRICT JUDGE

7

8

9   Presented by:

10

11   /s/ Anne Pomerantz

12   /s/ Daniel Sanders

13   /s/ John Fawley

14   /s/ Helena Fiorianti

15   Anne Pomerantz, Attorney, CA Bar 204059; NY Bar 2398428

16   Daniel Sanders, Attorney, WA Bar 3679

17   John Fawley, Attorney, MA Bar 160410

18   Helena Fiorianti, Attorney, NJ Bar 2006-00127; NY Bar 4442786

19   National Labor Relations Board

20   915 2nd Ave, Suite 2948

21   Seattle, WA 98174

22   Telephone (206) 220-6301

23   Fax: (206) 220-6305

24   Email: Anne.Pomerantz@nlrb.gov

25        Daniel.Sanders@nlrb.gov

26        John.Fawley@nlrb.gov

27        Helena.Fiorianti@nlrb.gov

28   Counsel for Petitioner

FINDINGS OF FACT AND CONCLUSIONS- Page 8
OF LAW FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301