UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. AHEARN, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner,<br><br>v.<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 21.<br><br>Respondent,<br><br>and<br><br>INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 4<br><br>Respondent. | CASE NO. 11-CV-05684 RBL<br><br>ORDER AWARDING COMPENSATORY DAMAGES FOR CIVIL CONTEMPT OF COURT |

This Matter is before the Court on the Petitioner's Motion for an Order finding the Respondents to be in civil contempt of this court's September 1, 2011 Temporary Restraining

ORDER AWARDING COMPENSATORY
DAMAGES FOR CIVIL CONTEMPT OF COURT -
1
[11-CV-05684 RBL]

Order. On September 8, 2011, the Court ordered the Respondents to Show Cause why they should not be held in civil contempt. On September 15, the Court held a hearing to determine whether Respondents had engaged in contumacious conduct. In separate Orders, this Court Adjudicated the Respondents in Contempt, and imposed a schedule of civil contempt fines for future violations of the TRO, and of the Court's September 8 Preliminary Injunction [Dkt. #58].

The Court has reviewed the Petitioner's evidence in support of an award of compensatory damages [Dkt. #s 83, 84, and 85] Respondents seek a total of $292,697.65, which includes $137,114.45 reflecting damage sustained and costs incurred by the charging party, EGT. The Court has also reviewed the Declaration of EGT's General Manager, Jerry Gibson, with Exhibits [Dkt. #89-1]. These documents reflect and support EGT's claim that its damages, not including attorneys' fees, are $101,959.04.

The Court has also reviewed the Respondents evidentiary and legal objections to the Petitioner's entitlement to an award, and to the amount of compensation it seeks. [See Dkt. #s 90, 91, and 92]. The Court heard oral argument on the issues raised September 30, 2011.

For the reasons discussed in that argument, the Court hereby Orders that the Respondents pay a civil contempt compensatory award in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00). This amount reflects a discount on the amount sought by Petitioner. This award shall be reflected in a Judgment prepared by the Petitioner, and shall be payable to the various entities claiming damages in Dkt. #84, on a pro rata basis. The judgment shall be against Respondents International Longshore Workers Union, Local 21, and Local 4, jointly and severally.

IT IS SO ORDERED.

Dated this 30th day of September, 2011

*[signature]*

RONALD B. LEIGHTON
United States District Judge

ORDER AWARDING COMPENSATORY
DAMAGES FOR CIVIL CONTEMPT OF COURT -
3
[11-CV-05684 RBL]