THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD L. AHEARN, Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>Petitioner<br><br>v.<br><br>INTERNATIONAL LONGSHORE and WAREHOUSE UNION, LOCAL 21<br><br>Respondent<br><br>and<br><br>DAN COFFMAN, AN INDIVIDUAL<br><br>BRYAN JACOBS, AN INDIVIDUAL<br><br>MICHAEL KELLY MULLER, AN INDIVIDUAL<br><br>Additional Respondents in Contempt | Civil No. 3:11-CV-05684 -RBL<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR CONTEMPT OF THE SEPTEMBER 8, 2011 PRELIMINARY INJUNCTION (Amended) |

ANNE P. POMERANTZ, Regional Attorney, Region 19
DANIEL SANDERS, Attorney, Region 19
JOHN FAWLEY, Attorney, Region 19
HELENA FIORIANTI, Attorney, Sub-Region 36

NATIONAL LABOR RELATIONS BOARD, Region 19
915 Second Avenue, Room 2948
Seattle, Washington 98174, Telephone: (206) 220-6301

(PROPOSED) FINDINGS OF FACT - Page 1
AND CONCLUSIONS OF LAW
FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

## FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR CONTEMPT

Based on the verified Petition of Richard L. Ahearn ("Petitioner"), Regional Director of Region 19 of the National Labor Relations Board (the "Board"), for a temporary restraining order and preliminary injunction pursuant to Sections 10(j) and (l) of the National Labor Relations Act (the "Act"), as amended, 29 U.S.C. §§ 160(j) and (l), this Court, by the undersigned, issued a Preliminary Injunction ("Injunction") pursuant to §10(j) on September 8, 2011. This cause came to be heard on October 14, 2011, due to allegations of civil contempt of that Injunction.

The Court, upon consideration of the pleadings, evidence, briefs, arguments of counsel and the entire record in this case, makes the following:

### FINDINGS OF FACT

1. On August 31, 2011, Petitioner initiated proceedings in the Federal District Court for the Western District of Washington seeking both temporary and preliminary injunctive relief against Respondents International Longshore and Warehouse Union Locals 21 and 4 ("Respondents") pursuant to §§ 160(j) and (l) of the Act due to Respondents' having engaged in a litany of unlawful strike line misconduct with improper object, including mass protesting, trespassing, violence, threats of violence, property damage, and blocking of railroad tracks so that trains could not make deliveries to EGT's facility at the Port of Longview, Washington. (the "EGT facility"). [Document Nos. 1-16].

2. On September 1, 2011, this Court, by the undersigned, Judge Ronald B. Leighton, issued a Temporary Restraining Order (the "Restraining Order") under §§ 10(j) and (l) of the Act. [Document No. 28].

3. The § 10(j) portion of the Preliminary Injunction requested by Petitioner in this matter was granted by this Court at approximately 2:45 pm on September 8, 2011. [Document No. 58].

4. As set forth in the Injunction, Respondents, their officers, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with them,

(PROPOSED) FINDINGS OF FACT - Page 2
AND CONCLUSIONS OF LAW
FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

were enjoined and restrained from "[e]ngaging with an unlawful object, *inter alia*, in trespassing, picket line violence, threats and property damage, mass picketing and blocking of ingress and egress at the facility of EGT, LLC, located in Longview, Washington, or impeding rail or ship traffic anywhere destined to or from EGT's facility in furtherance of Respondent Locals 21 and 4's dispute regarding work performed at or related to the EGT facility;" ~~and from "furthering their unlawful object by restraining or coercing the employees of EGT, General Construction, or any other person doing business in relation to the EGT facility in the exercise of their rights guaranteed under Section 7 of the Act" by any other means.~~ [Document No. 58]. RBL

5. On September 15, 2011, this Court found Respondents in contempt for having engaged in contumacious conduct on September 7 and 8, 2011, in direct violation of the Restraining Order. [Document No. 73]

6. Despite the issuance of the Injunction, the prior findings of contempt of the Restraining Order and the clear mandate of this Court that the trains serving the EGT facility were not to be held hostage, Respondents engaged in further blocking of the ingress of a Burlington Northern Santa Fe ("BNSF") train destined for the EGT facility.

7. At approximately 10:00 am on or about September 21, 2011, officers and agents of Respondents blocked the railroad tracks leading into the EGT facility. Specifically, Respondent 21's president, Dan Coffman, and those acting in concert with him, while wearing insignia and carrying signs identifying Respondents, blocked the tracks and prevented the passage of a BNSF train scheduled to deliver corn to the EGT facility.

8. At approximately the same time on September 21, 2011, Byron Jacobs and Michael Kelly Muller, officers and agents of Respondent 21, stood alongside the railroad right of way, and observed the blocking of the tracks described above in paragraph 7.

9. Approximately 10 individuals acting as or in concert with Respondent's officers and agents were arrested and taken into custody for trespass and blocking the railroad right of way on the morning of September 21, 2011.

(PROPOSED) FINDINGS OF FACT - Page 3
AND CONCLUSIONS OF LAW
FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

10. During the course of the arrests described above in paragraph 9, Respondents Bryan Jacobs and Michael Kelly Muller attempted to interfere with the arrest process, trespassed on the BNSF right of way, and assaulted the law enforcement officers who were clearing the tracks and arresting the trespassers.

11. Due to the conduct described above in paragraphs 7 through 10, on September 21, 2011, Petitioner asked this Court to find Respondents in contempt of the Injunction.

12. A hearing was held before this Court on October 14, 2011 to hear testimony, arguments by the parties and to adjudge whether Respondents were in contempt of the Injunction.

13. There has been no evidence adduced that any of Respondents, their officials, or those acting in concert with them, took reasonable steps to secure compliance with the Injunction.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction of the parties and of the subject matter of these proceedings, and under 29 U.S.C. §§ 160(j) and (l), is empowered to grant injunctive relief.

2. This Court, upon a showing of clear and convincing evidence, has the authority to find parties in civil contempt of its injunctions issued on matters brought pursuant to §§ 160(j) and (l) of the Act. *Hoffman v. ILWU, Local 10*, 492 F. 2d 929 (9th Cir. 1974), *cert. granted sub nom. on other grounds and affirmed, Muniz v. Hoffman*, 422 U.S. 454 (1975), *citing Madden v. Grain Elevator, Flour & Feed Mill Workers*, 334 F.2d 1014, 1020 (7th Cir. 1974), *cert. denied,* 379 U.S. 967 (1965).

3. This Court may find Respondents responsible for misconduct if Respondents approved the misconduct, participated actively, or knowingly tolerated it. *United Mine Workers v. Gibbs,* 383 U.S. 715, 739 (1966). *See, e.g., Soft Drink Workers Union Local 812*, 304 NLRB 111 (1991) (when union actually or implicitly authorized the conduct before or after it happened, it is

(PROPOSED) FINDINGS OF FACT - Page 4
AND CONCLUSIONS OF LAW
FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301

responsible for misconduct); *Teamsters Local 860*, 229 NLRB 993, 994 (1977) (same). Their "responsibility for acts by [their] officers and members is controlled by common-law agency principles; therefore implied or apparent authority is sufficient to establish agency." *NLRB v. Advanced Sys., Inc.*, 681 F.2d 570, 576 (9th Cir. 1982). Further, where there is a pattern of misconduct, the union is liable absent affirmative steps to end the misconduct. *Dover Corp.*, 211 NLRB 955, 956-59 (1974), *enforced*, 535 F.2d 1205 (10th Cir. 1976).

4. There is, and the Court has, reasonable cause to believe by the presentation of clear, cogent and convincing evidence at the hearing on October 14, 2011, that Respondents are responsible for and have themselves violated the terms of the Injunction by engaging in the blocking of ingress of the BNSF train at Longview scheduled to deliver corn to the EGT facility, unlawful picketing, violence, and trespassing on September 21, 2011.

5. On October 14, 2011, this Court issued an Order adjudicating Respondents to be in civil contempt of the Injunction. [Document No. 111].

6. Having found Respondents to be in contempt of the Injunction, this Court shall award compensatory damages for the harm caused on September 21, 2011, and reiterate its fine schedule to compel future compliance with the preliminary injunction as is permitted by precedent. *International Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994) (fines to compel future compliance appropriate); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (compensatory damages include attorneys' fees); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967) (compensatory damages include attorneys' fees); *United Mine Workers*, 330 U.S. at 304 (compensatory damages); *Cunningham v. Weston*, 180 Fed. Appx. 644, 648 (9th Cir. 2006) (compensatory damages); *NLRB v. Ironworkers Local 433*, 169 F.3d 1217, 1218, 1221 (9th Cir. 1999) (enforcement of prospective non-compliance fine for alleged violations does not trigger need for criminal procedural safeguards if fines are prompted by a

(PROPOSED) FINDINGS OF FACT - Page 5  
AND CONCLUSIONS OF LAW  
FOR CONTEMPT  
Civil No. 3:11-CV-05684

2948 Jackson Federal Building  
915 Second Avenue  
Seattle, Washington  
(206) 220-6301

party's previous failure to adhere to a court order); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) (coercive fines payable to the Court).

**DATED** this 31st day of October, 2011.

.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Anne Pomerantz
/s/ Daniel Sanders
/s/ John Fawley
/s/ Helena Fiorianti
Anne Pomerantz, Attorney, CA Bar 204059; NY Bar 2398428
Daniel Sanders, Attorney, WA Bar 3679
John Fawley, Attorney, MA Bar 160410
Helena Fiorianti, Attorney, NJ Bar 2006-00127; NY Bar 4442786
National Labor Relations Board
915 2nd Ave, Suite 2948
Seattle, WA 98174
Telephone (206) 220-6301
Fax: (206) 220-6305
Email: Anne.Pomerantz@nlrb.gov
    Daniel.Sanders@nlrb.gov
    John.Fawley@nlrb.gov
    Helena.Fiorianti@nlrb.gov
Counsel for Petitioner

(PROPOSED) FINDINGS OF FACT - Page 6
AND CONCLUSIONS OF LAW
FOR CONTEMPT
Civil No. 3:11-CV-05684

2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington
(206) 220-6301